## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Bobbie Jo Fenske,

     **Plaintiff,**

v.                                             **Case No.**

Lowe's Home Centers, LLC,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Bobbie Jo Fenske** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Lowe's Home Centers, LLC** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages and for declaratory relief, for violations of 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2.     This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3.     Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendant is authorized and doing business in the State of Florida.

### GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

9.     At all times material hereto, Defendant was an "employer" within the meaning of the FMLA.

10.    Defendant continues to be an "employer" within the meaning of the FMLA.

11.    At all times material hereto, Plaintiff was a protected employee under the FMLA.

12.    At all times material, Plaintiff worked at least 1, 250 hours within the last year of her employment.

13.    At all times material, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace.

## FACTS

14.    Plaintiff worked for Defendant from on or around July 30, 2012, until her unlawful termination on or around February 21, 2022.

15.    At the time of her termination, Plaintiff worked for Defendant in the position of Human Resources Director - Sales.

16.     During her tenure, Plaintiff was an exceptional performer for Defendant.

17.    In fact, during her nearly 10 years of employment, she had never received a single disciplinary write up or negative performance review.

18.    In fact, she was constantly praised for her performance and received positive feedback from her co-workers and peers.

19.    In late 2021, Plaintiff requested to take leave under the FMLA to give birth to her child.

20.     Plaintiff's FMLA leave began on or around November 26, 2021 and ended on or around February 17, 2022.

21.     Just prior to Plaintiff's leave of absence, Defendant informed Plaintiff that an allegation of discrimination had been made against Plaintiff.

22.     Plaintiff's supervisor, Ms. Jodi Long, along with other members of Human Resources conducted an investigation and determined the allegation against Plaintiff was unsubstantiated.

23.     Consequently, Defendant closed the inquiry with no discipline being issued.

24.     Thereafter, Plaintiff commenced her protected leave.

25.     While Plaintiff was out of work on maternity leave under the FMLA, Ms. Long resigned from her position and was immediately replaced by a male named John Rolison.

26.     Upon Mr. Rolison's arrival, he was notified that Plaintiff was on leave to give birth and care for her newborn.

27.     Mr. Rolison did not like the fact that Plaintiff was on protected leave as his department was required to make up for her job duties.

28.     Immediately thereafter, Mr. Rolison unilaterally re-opened the previously closed investigation against Plaintiff while she was out on protected leave.

29.     Prior to her returning Mr. Rolison made the decision to terminate Plaintiff for the same allegations that had been previously unsubstantiated by Ms. Long.

30.     Mr. Rolison did not contact Ms. Fenske during his investigation.

31.     Immediately upon Ms. Fenske's return to work from FMLA leave, Mr. Rolison informed her that her employment was terminated due to his findings in the re-opened investigation.

32.     Plaintiff complained about the sham investigation that Mr. Rolison supposedly conducted and its faulty findings.

33.     Plaintiff had never received any previous discipline or counseling while employed for nearly 10 years with Defendant.

34.     Defendant took adverse employment action against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

35.     Plaintiff was clearly subject to materially adverse employment action by Defendant.

36.     Defendant's retaliation against Plaintiff was willful and done with a reckless disregard for Plaintiff's rights under the FMLA.

37.     Defendant's reason for terminating Plaintiff is pretext.

## COUNT I - FMLA RETALIATION

38.     Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

40.     Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

41.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42.     Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a)     Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(b)     Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c)     Award back pay to Plaintiff plus interest and all benefits;

(d)     Award liquidated damages to Plaintiff;

(e)     Award reasonable attorney's fees and costs to Plaintiff; and

(f)     Additional relief to which Plaintiff is entitled, including equitable relief.


## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 1st day of August 2021.


Respectfully submitted,

*/s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**